ORTIZ, DEMANDANTE Y APELADO, *v.* ALVARADO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre indemnización por perjuicios.

No. 1893.—Resuelto en marzo 31, 1919.

INCUMPLIMIENTO DE CONTRATO—DAÑOS Y PERJUICIOS.—La evidencia demuestra en este caso que en agosto 7 de 1917 el demandante y el demandado convinieron un contrato de préstamo con hipoteca por $3,500 que debería entregar el demandante al demandado al tiempo de firmarse la escritura, habiéndose concertado la operación por término de tres años y prórroga de otros tres, al 10 por ciento de intereses pagaderos por anualidades anticipadas. Habiendo dejado de comparecer el prestatario a suscribir la escritura el día fijado, el prestamista radicó demanda el 18 de agosto de 1917 reclamándole $1,050 por daños y perjuicios, alegando que tres días después de celebrado el contrato verbal rechazó otra solicitud de préstamo por igual cantidad, término de tres años e intereses de 10 por ciento anual, cuya operación no pudo hacer por no tener más dinero disponible que los $3,500 del préstamo origen de este pleito. *Se resolvió:* que los daños y perjuicios están representados en este caso por los intereses de los $3,500 desde la fecha en que se pactó el préstamo hasta la fecha en que se radicó la demanda.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Q. Torres Salaberry.*

Abogado del apelado: *Sr. Rafael Cintrón Lastra.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 18 de agosto de 1917 el demandante José Federico Ortiz García presentó demanda ante la Corte de Distrito de Guayama contra Patricio Alvarado Figueroa sobre indemnización de perjuicios, y en ella alega que demandante y demandado celebraron el día 7 del citado agosto un contrato de préstamo con hipotecas sobre dos fincas rústicas de la propiedad del demandado, por la cantidad de $3,500 y término de 6 años a contar desde la fecha indicada, con intereses a razón del 10 por ciento anual pagaderos por anualidades adelantadas; que el demandante puso a disposición del demandado la referida cantidad que había de serle entregada tan pronto firmara la correspondiente escritura; que para la confección de ésta ambos dieron instrucciones al notario

José C. Ramos; que al tiempo de firmarse la escritura el demandado se negó a ello sin aducir ningún hecho o razón legal que le impidiera firmar el contrato; que tres días después de convenido éste entre las partes, Modesto Ortiz Cádiz solicitó del demandante un préstamo por igual cantidad de $3,500. por término de tres años y también con intereses al 10 por ciento anual pagaderos por mensualidades vencidas, a lo que no pudo acceder por impedírselo el compromiso contraído con el demandado, pues carecía de más dinero efectivo en aquel entonces; y que la negativa del demandado a cumplir lo pactado ha ocasionado al demandante perjuicios por valor de $1,050.

La demanda concluye con la súplica de que se dicte sentencia condenando al demandado a pagar al demandante, como indemnización de perjuicios, la cantidad de $1,050 con intereses legales de esa suma a contar desde la interposición de la demanda, costas, desembolsos y honorarios de abogado.

El demandado al contestar la demanda niega las alegaciones fundamentales de ella y como materia nueva alega que aceptó en principio llevar a efecto un préstamo con hipoteca con el demandante, pero no en términos absolutos sino bajo la condición de que teniendo constituída anteriormente otra hipoteca a favor de Clemencia Philemón de Godreau era indispensable que dicha señora la cancelara antes de que se firmara la nueva escritura a favor del demandado, a cuyo fin hizo gestiones para conseguir la cancelación, sin que pudiera lograrlo por haberse negado a ello Clemencia Philemón representada por su apoderado Guillermo Godreau.

Celebrado el juicio en que ambas partes propusieron pruebas, la corte inferior estimó como ciertos y probados los siguientes hechos:

Que demandante y demandado convinieron un contrato de préstamo con hipoteca por la cantidad de $3,500 por el tiempo de tres años con opción de prórroga por tres más, al 10 por ciento anual como intereses, pagaderos por anualidades adelantadas; que para garantizar la obligación el de-

mandado se comprometió a constituir hipoteca voluntaria sobre dos fincas rústicas de su propiedad, sitas en el barrio de Río Jueyes de Salinas; que convenido dicho contrato estipularon las partes que se llevara a efecto el otorgamiento de la correspondiente escritura ante el notario José C. Ramos; que el demandante estuvo siempre dispuesto a efectuar el negocio y a ese fín depositó la cantidad a disposición del demandado; que señalado el día para firmar la escritura el demandado no compareció por lo que no pudo efectuarse el contrato, negándose después dicho demandado a efectuarlo, alegando haberlo ejecutado más tarde con Guillermo Godreau o su esposa; que el demandante con tal motivo se vió privado de efectuar una operación de préstamo con Modesto Ortiz por igual cantidad y en iguales términos, y que por haberse negado el demandado a efectuar dicho contrato le ocasionó al demandante perjuicios consistentes en la pérdida de los intereses que devengaría dicha cantidad durante el primer año, ascendentes a $350, en atención a haberse convenido que los intereses serían pagaderos por anualidades adelantadas.

Bajo las anteriores conclusiones de hecho, la corte dictó sentencia en 31 de enero de 1918 por la que ordena que el demandante recobre del demandado como daños y perjuicios la cantidad de $350 más las costas y desembolsos.

Contra dicha sentencia interpuso el demandado recurso de apelación para ante esta Corte Suprema, y para sostener el recurso alega principalmente que el contrato de préstamo hipotecario concertado con el demandante no llegó a perfeccionarse por estar sujeto a una condición eventual, o sea, la de que se consiguiera la cancelación de la hipoteca que pesaba sobre los bienes que habían de ser hipotecados nuevamente a favor del demandante, y que para el buen éxito de una demanda por indemnización de daños y perjuicios como en el caso presente es necesario alegar y probar daños o perjuicios efectivos y no imaginarios o remotos.

No aparece de las pruebas que el contrato de préstamo

con hipoteca convenido por demandante y demandado estu-
viera afectado expresamente por la condición que invoca el
apelante. Ciertamente que las pruebas demuestran que por
escritura pública de 13 de mayo de 1916 Patricio Alvarado
celebró con Clemencia Philemón, esposa de Guillermo Go-
dreau, un contrato de préstamo por la cantidad de $2,500
a dos años plazo con intereses al 12 por ciento anual paga-
deros por anualidades vencidas con hipotecas sobre las mis-
mas fincas rústicas con que el demandado había de afianzar
el pago del préstamo del demandante, y que aquél además ges-
tionó la cancelación de aquella hipoteca sin haberlo conse-
guido por falta de acuerdo sobre las condiciones en que había
de efectuarse la cancelación; pero el hecho declarado pro-
bado por la corte inferior, contra cuya apreciación no se
nos ha demostrado que se haya cometido error manifiesto,
es que demandante y demandado concertaron el préstamo hi-
potecario sin que al demandante ni al notario que había de
otorgar la escritura se le hiciera mención alguna de que ha-
bía de cancelarse previamente la hipoteca constituída a favor
de Clemencia Philemón de Godreau. El demandante aceptó
el contrato en la creencia de que si existía tal hipoteca el
demandado con seguridad había de cancelarla pues no cabe
presumir otra cosa dada la circunstancia de tener el dinero
dispuesto para su entrega al demandado tan pronto se hu-
biera firmado la escritura, que firmó el demandante mismo
sin que compareciera a hacerlo el demandado.

El otro motivo del recurso o sea falta de justificación
de los perjuicios sufridos por el demandante en cuantía de
$350 se sostiene por las alegaciones mismas del demandante
y por el resultado de las pruebas.

El contrato de préstamo fué convenido, según alega el de-
mandante, el día 7 de agosto de 1917. La demanda fué pre-
sentada once días después o sea en 18 del citado agosto. El
demandante dió orden a su hermano Elías Ortiz según éste
declara y lo corrobora el testigo notario José C. Ramos de
que entregara a éste $3,500 para Patricio Alvarado cuando

estuviera firmada la escritura. El demandado no llegó a recibir parte alguna de esa cantidad y si bien, como alega el demandante, tres días después de haberse confeccionado el contrato Modesto Ortiz Cádiz solicitó del demandante un préstamo por igual cantidad de $3,500 a que no accedió por tener que respetar el compromiso contraído con el demandado y por carecer de más dinero efectivo en aquel entonces, no hay la más ligera indicación de que posteriormente no se presentara oportunidad al demandante para colocar los $3,500 que dejó de recibir en préstamo el demandado. Tan pronto como el demandado dejó de firmar la escritura el demandante quedó en libertad para disponer de su dinero que pudo invertir en cualquier otra negociación.

Aunque el demandado no llegó a recibir los $3,500 importe del préstamo, los tuvo a su disposición por un espacio corto de tiempo que seguramente no excedió de once días, o sea, desde el 7 de agosto de 1917 en que fué convenido el préstamo, hasta el 18 del mismo mes en que se radicó la demanda. La cantidad de intereses correspondiente a esos once días es la que representa los daños y perjuicios que sufrió el demandante y que claramente se derivan del incumplimiento de la obligación por parte del demandado. Artículos 1068, 1073 y 1074 del Código Civil. Si por un año debían pagarse $350 de intereses, a once días corresponden $10.54. Los intereses que pudiera devengar la suma de $3,500 después de radicada la demanda, cuando ya el demandante tenía a su disposición esa cantidad, no pueden ser materia de reclamación.

Y no importa que el demandado estuviera obligado a pagar al demandante por anticipado la primera anualidad del préstamo, ascendente a $350, pues esa obligación estaba subordinada a la entrega de los $3,500 que no llegó a recibir. Véanse los casos de *Sucesores de Oliva & Cía.* v. *J. Matienzo & Cía.*, 13 D. P. R. 293, y *Cobián* v. *Abril*, 14 D. P. R. 286.

La sentencia de la corte inferior debe modificarse; enten-

diéndose la indemnización por la cantidad de $10.54, sin especial condena de costas.

> *Confirmada la sentencia apelada, pero modificada en el sentido de condenar al demandado al pago de $10.54 sin especial condenación de costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.