VICENTE TRELLES, PAZ ALVAREZ SUÁREZ y B: FERNÁNDEZ HNOS., Sucrs., éstos últimos por sí y en representación de los acreedores de la mercantil FERNÁNDEZ & CÍA., en liquidación, demandantes y apelantes, *v.* MARCIAL SUÁREZ, demandado y apelado.

No. 6896.—*Sometido:* Diciembre 6, 1935. *Resuelto:* Febrero 5, 1936.

*Monserrat & Monserrat,* abogados de los apelantes; *Cayetano Coll' Cuchí, Víctor A. Coll* y *G. Cruzado Silva,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Vicente Trelles, Paz Alvarez Suárez y B. Fernández Hnos., Sucrs., esta última como acreedora y en representación, de los acreedores de la mercantil Fernández & Cía., en liquidación, establecieron demanda contra Marcial Suárez en reclamación de $25,000 como indemnización de los daños y perjuicios que alegan sufrieron los primeros por el incumplimiento de un contrato que habían celebrado con el demandado Marcial Suárez.

De acuerdo con el contrato que sirve de base a la demanda, Marcial Suárez aparece comprando un crédito de la, firma Fernández & Cía., en contra de la sucesión de Herminio Suárez, ascendente a $13,159.50, más los correspondientes intereses legales; otro crédito de don Vicente Trelles contra

dicha sucesión de Herminio Suárez por la suma de $16,484.58, más los intereses devengados y no cobrados; y la participación de herencia, derechos y acciones de doña Paz Alvarez Suárez como heredera de su difunta madre doña Justa Suárez y Suárez. Por estos dos créditos y la participación en la referida herencia convino Marcial Suárez en pagar la suma de $25,000, pagando $4,000 al momento de firmarse el convenio ante notario, y la suma restante en tres anualidades de $7,000 cada una, con un interés anual de 5 por ciento. En garantía de ese pago el Sr. Suárez ofreció primera hipoteca sobre una finca denominada "Herrera".

Se convino que el contrato se legalizara ante notario público dentro de los próximos cuatro meses de la celebración de éste. En el referido contrato don Félix Suárez y Pérez compareció como apoderado y en representación de Vicente Trelles y doña Paz Alvarez Suárez. El Sr. Cecilio Morán compareció como liquidador de la firma Fernández & Cía., y en representación de los acreedores de la misma. Félix Suárez y Pérez se reservó el derecho de comunicar el arreglo a sus representados para que éstos le dieran su conformidad y ratificaran el mismo.

La corte de distrito declaró sin lugar la demanda con las costas a los demandantes. Entre otros motivos para llegar a esta conclusión la corte inferior dijo que no se habían probado los daños y perjuicios sufridos por los demandantes, siendo éste un elemento esencial para poder dictar sentencia a favor de éstos.

Los demandantes señalan esta declaración como error de la corte *a quo*. Alegan que de acuerdo con los artículos 1053 y 1061 del Código Civil, ed. 1930, el demandado venía obligado por operación de ley a pagar cierta cantidad como daños y perjuicios, siempre que quedara probado el hecho del incumplimiento de la obligación y la mora del demandado al no cumplirla.

El artículo 1053 dice:

"Incurren en mora los obligados a entregar o hacer alguna cosa desde que el acreedor les exija judicial o extrajudicialmente el cumplimiento de su obligación.

"No será, sin embargo, necesaria la intimación del acreedor para que la mora exista;

"1. Cuando la obligación o la ley lo declaren así expresamente.

"2. Cuando de su naturaleza y circunstancias resulte que la designación de la época en que había de entregarse la cosa o hacerse el servicio, fué motivo determinante para establecer la obligación.

"En las obligaciones recíprocas ninguno de los obligados incurre en mora si el otro no cumple o no se allana a cumplir debidamente lo que le incumbe. Desde que uno de los obligados cumple su obligación, empieza la mora para el otro."

El artículo 1061 dice:

"Si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal.

"Mientras que no se fije otro por el gobierno se considerará como legal el interés del 6 por 100 al año."

Dudamos mucho de que este último artículo pueda aplicarse al presente caso. No exigen los demandantes el cumplimiento del contrato, reclamando el precio de la venta, que es lo principal, con sus intereses, que es lo accesorio, desde que a su juicio el demandado incurriera en mora, sino que por el contrario descansan en el incumplimiento de ese contrato para ejercitar la acción de daños y perjuicios, según lo dicen en la demanda y lo expresan en su alegato, y según lo sostuvo insistentemente durante el juicio su abogado, contestando al abogado de la demandada cuando éste se oponía a la admisión de cierta prueba. Dijo entonces la representación de los demandantes:

"Pero es que aquí no se trata de cumplimiento de contrato. Es todo lo contrario. Es una acción sobre incumplimiento de contrato que él no ha cumplido y estamos exigiéndole daños y perjuicios que nos concede la ley.

"Si se tratara de una acción de cumplimiento de contrato, en-

tonces el compañero tendría razón. Pero aquí es al revés. En una acción de daños y perjuicios por incumplimiento de contrato.''

El presente es un caso de obligaciones recíprocas. Los demandantes no se han desprendido de los créditos y los derechos reales objeto de la venta. Afirman, sin embargo, que siempre han estado dispuestos a cumplir con esta obligación; pero no piden el cumplimiento del contrato que los obliga a entregar los bienes vendidos, alegando por el contrario, como base para su reclamación, el incumplimiento del contrato, que les releva de esa entrega. No parece justo que los demandantes gocen y disfruten esos bienes, entre los cuales figura la participación o condominio de un inmueble heredado por la Sra. Paz Alvarez Suárez, y al mismo tiempo perciban los intereses del dinero que alegan se les debe y que no reclaman, limitándose a solicitar esos intereses en concepto de daños y perjuicios.

Comentando el artículo 1053 del Código Civil se expresa así el Sr. Manresa:

''El último párrafo del artículo, conforme con el espíritu del derecho anterior, ni ofrece dudas en cuanto a su alcance ni en cuanto a su funcionamiento, basado, como está, para admitir la *compensación* de *mora* que establece en la íntima relación que guardan las obligaciones recíprocas o bilaterales, en las que el cumplimiento de cada una debe ser, *por lo general,* para el cumplimiento de la otra, supuesta condición, como las hay mutuamente para que existan. Decimos, *por lo general,* porque en bastantes casos podrán establecerse fechas distintas para el cumplimiento de cada una de las obligaciones recíprocas, y en este caso fundado en la libertad de los contrayentes, la *mora en la obligación que debió cumplirse primero* no se apreciará con arreglo al último párrafo del art. 1,100, sino conforme a las reglas y excepciones que en los párrafos anteriores establece.'' VIII Manresa, 60, 61.

''El último de los párrafos del presente artículo, relativo a las obligaciones recíprocas, ha sido también aplicado y aclarado por algunos fallos del Tribunal Supremo. El de 15 de febrero de 1905 declara que si bien es doctrina legal que los intereses se deben únicamente por la convención o por la *mora* cuando la ley no los declara, y que en términos generales sólo existe *mora* después del re-

querimiento que produce la responsabilidad de los daños y perjuicios, es asimismo principio admitido por la jurisprudencia, derivado de la ley 5ª., tít. 4º., lib. V del *Fuero Juzgo,* que no es justo que una de las partes se aproveche de la cosa recibida y de la que a su vez está obligado a entregar, razón por la cual el comprador que no satisfizo el precio, después de recibir la cosa debe pagar intereses por *mora,* principio de justicia en que también se funda el último párrafo del art. 1100 del Código Civil.'' Id., 62, 63.

La jurisprudencia establecida por el Tribunal Supremo de España nos da la pauta para interpretar el verdadero alcance del artículo 1053 en armonía con el artículo 1061 del Código Civil. Si no es justo que el comprador se aproveche de la cosa recibida y de la que a su vez está obligado a entregar, tampoco es justo que el vendedor se aproveche de la cosa vendida y de los intereses del dinero que el comprador le deba entregar. Si se permitiera al vendedor disfrutar de ambas cosas se estaría enriqueciendo injustamente a expensas del comprador.

En el caso de *Ortiz* v. *Alvarado,* 27 D.P.R. 286, 290, se celebró un contrato de préstamo en virtud del cual el prestamista se obligó a entregar al prestatario la cantidad de $3,500 por un término de seis años, con intereses a razón del 10 por ciento anual pagaderos por anualidades adelantadas. El prestatario ofreció garantizar ese préstamo con hipoteca, comprometiéndose a firmar la escritura ante notario, lo que no hizo. Fué demandado en una acción de daños y perjuicios por incumplimiento de contrato, basándose dichos daños y perjuicios en los intereses adelantados que el prestamista dejó de percibir y en haber perdido una oportunidad de invertir el mismo dinero mientras sostuvo su oferta de acuerdo con el contrato celebrado. La corte de distrito dictó sentencia concediéndole $350 en concepto de intereses dejados de recibir de acuerdo con el contrato por un año anticipado. Esta corte, habiéndose probado el hecho de que el dinero estuvo en manos de un hermano del demandante para ser entregado al demandado cuando se firmara la escritura, por un período de once días, modificó la sentencia de la corte infe-

rior concediéndole la cantidad de $10.54 en concepto de daños y perjuicios por los intereses devengados durante esos once días. Al decretar la modificación la corte se expresó así:

"Y no importa que el demandado estuviera obligado a pagar al demandante por anticipado la primera anualidad del préstamo, ascendente a $350, pues esa obligación estaba subordinada a la entrega de los $3500 que no llegó a recibir."

En el caso citado el demandante reclamó lo único que tenía derecho a reclamar, los intereses convenidos durante el período que el dinero estuvo a disposición del demandado sin producir beneficio alguno. Esta corte subordina la obligación de satisfacer intereses al hecho de la entrega de la cantidad ofrecida en préstamo. Y si concedió una pequeña cantidad al demandante es porque consideró entregado el dinero desde el momento en que fué puesto a disposición del demandado.

Los demandantes no se han desprendido de la propiedad que se encuentra en su poder ni puede decirse que piensen entregarla, porque no exigen el cumplimiento del contrato, que los obligaría a la entrega, sino los daños y perjuicios que se le han ocasionado por haberse el demandado negado a cumplir con el mismo. No se ha demostrado tampoco que hayan puesto esa propiedad a disposición del comprador, aunque dicen que siempre estuvieron dispuestos a cumplir con su obligación y escribieron a dicho comprador haciéndole saber que estaban dispuestos al otorgamiento de la escritura. Los intereses concedidos por el artículo 1061 del Código Civil constituyen una forma especial de indemnización, que los demandantes no pueden reclamar en el presente caso por las razones que hemos apuntado. Y es en las disposiciones de dicho artículo 1061 que los demandantes descansan exclusivamente para sostener su causa de acción, habiéndose abstenido de presentar prueba creditiva de que hubiesen sufrido daños. Basándose en esta ausencia de prueba es que la corte inferior dijo que no se produjo evidencia específica de los daños.

A nuestro juicio, los demandantes, si sufrieron daños, han

debido probarlos, y no descansar exclusivamente en un precepto de ley que no resulta aplicable. Cuando el vendedor permanece en el goce y disfrute de la cosa vendida y el comprador retiene el dinero que viene obligado a entregar, no hay base para determinar la presencia de daños y perjuicios que pueden existir o no, de acuerdo con las circunstancias del caso.

También se han establecido otras defensas por parte del demandado que consideramos innecesario analizar, dadas las conclusiones a que hemos llegado en esta opinión.

En cuanto al pronunciamiento sobre costas, respetamos el criterio de la corte inferior en el ejercicio de sus facultades discrecionales.

*Debe confirmarse la sentencia apelada.*